**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2254

IN RE: ARLENE P. O'LEXA,
Debtor

CHARLES O. ZEBLEY, JR., Trustee,
Appellant

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 05-cv-00040)
District Judge: Honorable Terrence F. McVerry

Submitted Under Third Circuit LAR 34.1(a)
December 15, 2006

Before: FISHER, ALDISERT and WEIS, <u>Circuit</u> <u>Judges</u>.

(Filed: February 7, 2007)

OPINION

PER CURIAM.

In this appeal, the trustee in the Chapter 7 bankruptcy of Arlene P. O'Lexa challenges the order of the District Court exempting property held by her as a tenant by the entireties. We will affirm.

The relevant facts are few and undisputed. O'Lexa filed individually for bankruptcy after amassing unsecured credit card debt in her own name for the purchase of household goods and the payment of bills. O'Lexa's individual assets are insufficient to satisfy her individual debt. She and her husband, however, jointly own a home in Pennsylvania as tenants by the entireties, and the market value of that home would be sufficient to satisfy the debt. O'Lexa sought to exempt the home from her bankruptcy estate under 11 U.S.C. § 522(b)(3)(B).[1] The Bankruptcy Court allowed the exemption over the trustee's objection and the District Court affirmed.

We have appellate jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. Our review of the District Court's ruling in its capacity as an appellate court is plenary, and we review the bankruptcy judge's legal determinations de novo. See In re Trans World Airlines, Inc., 145 F.3d 124, 130-31 (3d Cir. 1998).

---

[1] Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, § 522(b)(2)(B) was renumbered as § 522(b)(3)(B), but was otherwise unchanged. See In re Weber, 346 B.R. 346, 347 n.2 (Bankr. D. Del. 2006). We will refer to that section as it is currently.

2

Section 522 allows debtors to exempt certain assets from the property of the estate. Debtors may select either (1) the federal exemptions listed in § 522(d), or (2) those permitted, inter alia, under state law and general (nonbankruptcy) federal law ("general exemptions"), see § 522(b)(3). The debtors in the present case selected the general exemptions, which allow an exemption for "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law . . . ." § 522(b)(3)(B).[2]

In this case, such law is the property law of Pennsylvania, which has long held that "creditors of either spouse cannot acquire by judgment an enforceable lien on entirety property, or title therein by sale or execution." Napotnik v. Equibank and Parkvale Sav. Ass'n, 679 F.2d 316, 319 (3d Cir. 1982). If, however, the spouses both file for bankruptcy and there are creditors who have claims against them jointly, entireties property may not be exempted under the general exemptions.[3]

When only one spouse pursues the bankruptcy route, individual claims against him do not vitiate the immunity of the entireties estate. See Brannon and Lewis, Nos. 05-5060, 05-4600 (filed concurrently with this opinion); see also, Bunker

---

[2] Contrast this section with 11 U.S.C. § 522(d)(1), which provides for a specific residence exemption up to $18,450.

[3] Joint debtor spouses may, however, still exempt property held by the entireties under the specific exemptions of § 522(d).

3

v. Peyton, 312 F.3d 145 (4th Cir. 2002) (applying Maryland entireties law, which is substantively similar to Pennsylvania's, to hold that entireties property can be exempted from the estate); Schlossberg v. Barney, 380 F.3d 174 (4th Cir. 2004). Thus, O'Lexa argues that her home should be exempted from her bankruptcy estate.

The trustee, however, argues that the home is not exempt from process under Pennsylvania law because the nature of O'Lexa's debt renders it available to her creditors. The trustee bases this argument on the "doctrine of necessaries," which has been codified in Pennsylvania as follows:

> "In all cases where debts are contracted for necessaries by either spouse for the support and maintenance of the family, it shall be lawful for the creditor in this case to institute suit against the husband and wife for the price of such necessaries and, after obtaining a judgment, have an execution against the spouse contracting the debt alone; and, if no property of that spouse is found, execution may be levied upon and satisfied out of the separate property of the other spouse."

23 Pa. C.S. § 4102 (emphasis added). As the trustee acknowledges, there does not appear to be Pennsylvania case law discussing whether this statute allows creditors of a debtor spouse to reach entireties property. The trustee, however, urges us to predict that the Pennsylvania Supreme Court would hold that it does. We predict instead that the court would hold that it does not.

4

Our beginning point is the plain language of the statute itself. It does not provide that a creditor can execute on entireties property, but states expressly that a creditor of a debtor spouse may execute on the "separate property" of the nondebtor spouse under the circumstances described. The statute does not define "separate property," but the Pennsylvania legislature clearly knows how to distinguish between "separate property" and "entirety property" and how to make entireties property available to creditors in other contexts. See 71 P.S. § 1783 (providing that entireties property jointly owned by an institutionalized person is available to reimburse the Commonwealth for the costs of institutionalization when the "separate property" of the institutionalized joint owner is insufficient). It chose not to provide for execution on entireties property here.

Nevertheless, the trustee argues in his brief that the legislature intended to provide access to entirety property because the "statute makes both spouses equally liable for the support of the family." (Appellant Br. at 17.) The trustee's premise is erroneous. The statute does not impose joint and several liability on each spouse, but instead makes "the spouse who incurred the debt primarily liable and the nondebtor spouse only secondarily liable." Porter v. Karivalis, 718 A.2d 823, 826 (Pa. Super. 1998).

The statute thus does not impose the type of joint liability that might allow a creditor of both spouses to reach entireties property. See A. Hupfel's Sons v. Getty, 299 F. 939, 941 (3d Cir. 1924) (holding that a husband's and wife's individual obligations to the same creditor did not constitute a "joint debt" allowing the creditor to reach entirety property under

5

Pennsylvania law where the husband's obligation was primary and absolute and the wife's only secondary and conditioned on her husband's non-performance).

The trustee also argues that the plain language of the statute produces absurd results because it creates uncertainties regarding the existence and validity of liens on entireties property that Pennsylvania "has no procedure" to resolve. (Br. at 19.) We are not persuaded, however, that application of the statute as written will give rise to such absurd or unreasonable results that it might justify a departure from its plain language.

Accordingly, we hold therefore that the bankruptcy judge's allowance of an exemption for property that O'Lexa held as a tenant by the entireties was proper, and we will affirm the District Court's affirmance of that ruling.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2254

IN RE: ARLENE P. O'LEXA,
Debtor

CHARLES O. ZEBLEY, JR., Trustee,
Appellant

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 05-cv-00040)
District Judge: Honorable Terrence F. McVerry

Submitted Under Third Circuit LAR 34.1(a)
December 15, 2006

Before: FISHER, ALDISERT and WEIS, Circuit Judges.

**JUDGMENT**

This cause came to be heard on the record from the United States District Court for the Western District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a). On consideration whereof, it is now hereby

ORDERED AND ADJUDGED by this Court that the judgment of the District Court entered March 29, 2006, be and the same is hereby AFFIRMED. Costs taxed to Appellant. All of the above in accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron, Clerk

DATED: February 7, 2007